UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PRESCRIPTION SUPPLY, INC., ET. AL., | |
| Plaintiffs, | Case No. 16-12070 |
| v. | SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW |
| MOUSSA "MARK" MUSA, ET. AL., | U.S. MAGISTRATE JUDGE DAVID G. GRAND |
| Defendants. | |

/

**ORDER DENYING DEFENDANT CARE HOME RX, CORP.'S MOTION TO STAY [24]**

On September 8, 2016 Defendant Care Home RX, Corp. filed a Motion to Stay [24]. Plaintiff responded [25] on September 22, 2016 and a Supplemental Response on September 27, 2016 [26]. Defendant Care Home RX, Corp. did not file a reply. For the reasons stated below, Defendant's Motion to Stay [24] is **DENIED**.

Plaintiffs are bringing claims against Defendants Mohamad Musa ("Mike"), Laureen Musa, Moussa Musa ("Mark"), and Care Home RX, Corp. ("Care Home"). The Complaint alleges that while working for Plaintiffs, Defendants Mark and Mike Musa engaged in unlawful competitive behavior prohibited by the APA

1

and the Employment Agreements. Defendants Mark and Mike are alleged to have used the assistance Defendant Laureen to divert customers and opportunities to Care Home, unlawfully stealing customers and opportunities. Plaintiffs allege claims of: breach of contract, tortious interference with business relationships, misappropriation of trade secrets, unfair competition, breach of fiduciary duty, business defamation, unjust enrichment, breach of personal guaranty, conversion, conspiracy and seek amounts owed on account.

Defendants Mark and Laureen have filed for bankruptcy and there is currently an automatic stay in effect related to the claims against them.[1] Defendant Care Home RX, Corp. requests a stay of the entire action because the bankruptcies of Laureen and Mark will impact its ability to conduct discovery in this case. It is a "rare exception to the rule" to extend a stay to a non-debtor co-defendant. *Al-Shara v. Wal-Mart Stores, Inc.*, No. 11-CV-14954, 2012 WL 1119339, at *4 (E.D. Mich. Apr. 3, 2012), citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983); *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1197–98 (6th Cir.1983) (recognizing that "it would distort congressional purpose to hold that a third party solvent codefendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor and creditors thereof"). Courts

---

[1] Defendant Mike has not filed for bankruptcy and has been engaging in discovery with Plaintiff.

have acknowledged two exceptions to this general rule. First, if the identity between the third party Defendant and the debtor is such that a judgment against the third party Defendant would in effect be a judgment against the debtor, a stay should be extended. *Id.* Second, if the pending litigation against the co-defendant would cause irreparable harm to the debtor, the estate, or the reorganization plan, than a stay should be extended. *Id* at *5.

In its Motion to Stay [24], Defendant Care Home does not allege that either of these exceptions apply to them. As to the first exception, Defendant Care Home's repeatedly denies any connection to the other co-defendants in its brief in support of the Motion to Dismiss, pointing to the complaint to illustrate that there are no facts pled to connect Defendant Care Home to the other Defendants [6]. Additionally, the second exception does not apply as there have been no claims from the debtors that this pending litigation would cause any irreparable harm, and Defendant Care Home has also not argued this nor presented any evidence of this risk in their Motion.

Defendant Care Home's argument for a stay revolves around efficiency, arguing that it is in the interests of fairness and efficiency to stay the entire proceedings due to the implications on discovery of Defendants Mark and Laureen's bankruptcy. However, Defendant Care Home does not detail how

discovery will be affected when the Defendant Mike is still a co-defendant in the case who has been engaging in discovery with Plaintiff.

Defendant Care Home cites several cases to support their proposition, however the case law cited differ from the situation presented in this case and do not support extending a stay. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) and *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) consider a Court's ability to stay proceedings pending arbitration rather than the bankruptcy of a co-defendant and as such are unpersuasive. Defendant Care Home also cites *Zurich Am. Ins. Co. v. Trans Cal Associates*, No. CIV. 2:10-01957 WBS, 2011 WL 6329959, at *3 (E.D. Cal. Dec. 16, 2011) to support their stay. In that situation, the case was stayed because all of the individual Defendants filed for bankruptcy, leaving only the entity Defendants remaining. In this case, there is a remaining individual Defendant, Mike, who is remains and therefore Defendant Care Home has the ability to engage in discovery with Defendant Mike and prepare its defenses. Finally, in *J & J Sports Prods., Inc. v. Brar*, No. 2:09-CV-3394-GEB-EFB, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012), there were two co-defendants and one filed for bankruptcy. The case was stayed because both Defendants were being sued individually and as "d/b/a Aura," were served at the same address and had

4

identical claims leveled against them. *Id*. In this case, none of those factors are at play.

Defendant Care Home has not presented a persuasive argument to the Court to justify a granting of a stay and also has not explained how their efforts at discovery would be impacted given that Defendant Mike remains as a co-defendant outside of the stay and has been participating in discovery. Accordingly,

**IT IS ORDERED** that Defendant Care Home's Motion to Stay [24] is **DENIED**.

**SO ORDERED**.


                                            s/Arthur J. Tarnow
                                            Arthur J. Tarnow
Dated: October 12, 2016           Senior United States District Judge